THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
FRANCISCO SÁNCHEZ, Defendant and Appellant.

No. 7710.   Argued June 12, 1939.—Decided June 24, 1939.

*Angel García Veve,* for appellant.   *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The insular policeman Manuel J. Figueroa charged Francisco Sánchez before the Municipal Court of Río Grande with the violation of Section 328 of the Penal Code committed as follows:

"... on August 6, 1938, ... the accused Francisco Sánchez then and there illegally, voluntarily and maliciously while driving on road No. 3, Km. 20-8, which is a public road, the automobile P.-2471 property of Carlos Pacheco, due to lack of experience, gross negligence and carelessness permitted and caused the car driven by the accused to overtake the automobile P.-2120, driven by Antero Rodríguez, and to collide with this latter vehicle as a result of which both vehicles were seriously damaged and as a result of this collision the following persons were injured: ..."

In a new trial had before the District Court of San Juan by virtue of an appeal filed by the accused, the court found him guilty and imposed a fine of $75.

Sánchez appealed and in his brief maintains that the district court committed a manifest error in weighing the evidence and was influenced by bias, prejudice and partiality.

The evidence was brief. The district attorney presented Enrique Labault, José Padró and Antero Rodríguez who testified.

The first said that he was traveling as a passenger from Río Grande to Río Piedras in the front part of the car of Antero Rodríguez. The accused travelled in his car in back of him and signalled with his claxon. Rodríguez moved to his right side of the road "and in passing, I didn't know how, he hit the other car and thereby originated the collision." The collision was "on the left side in the middle of the car". Sánchez was passing "at a negligent rate of speed, not very fast," the road was wide. He did not notice if there was a pile of stones. Various people were injured. Rodríguez and Sánchez stopped. The police came and investigated. The car in which he was traveling moved to its right of the road and was traveling at a moderate rate of speed.

José Padró testified: "On August 6, I was coming toward San Juan in the automobile of Francisco Sánchez and in front of us and going in the same direction was the car of Antero Rodríguez, the chauffeur Francisco Sánchez gave warning with his claxon to Antero Rodríguez in order to pass and when the told him to pass, in front there was a pile of dirt and when he tried to pass, Francisco Sánchez, the other, opened and then closed and then the car of Francisco Sánchez hit the car of Antero Rodríguez and thereby caused the collision from which I was injured."

This was his story of the accident. Immediately afterwards he answered to questions of the district attorney as follows:

"Q. You say that Sánchez gave warning with his claxon?

"A. Yes, sir.

"Q. What did Antero Rodríguez do?

"A. He let him pass.

"Q. He moved to his right side?

"A. Yes, sir.

"Q. Then . . .

"A. There was a pile of dirt on the right hand side coming from San Juan.

"Q. On the left there was nothing?

"A. No, sir, then he closed on the car of Antero Rodríguez on the other side and then they collided.

"  .    .    .    .    .    .    .    .    .

"Q. The piles of stones were visible?

"A. They were visible because they were on the right side of the other car.

"Q. Did you see them from the car in which you were traveling?

"A. I could not see them very well. I was badly hurt.

"  .    .    .    .    .    .    .    .    ."

After a suspension of the hearing for various days, the third of the witnesses for the prosecution, Antero Rodríguez, testified as follows:

"I was coming from Río Grande to Río Piedras and after the ward which is called Ciénaga I had passed this young man. I then had to stop because there was a pile of stones on the road and I put out my hand and swerved a bit and when I swerved away from the pile and put out my hand I felt the impact. I was pretty far... I was quite some distance away and when I made the signal that I was going to stop I hit the pile of stones, stopped, put out my hand and immediately came the bumper . . . ."

He answered to the defense:

"Q. When you put out your hand, did it give the accused sufficient time to avoid the accident or was it very rapid?

"A. I found the pile of stones, I put out my hand, there was no time to pass and we collided.

"  .    .    .    .    .    .    .    .    ."

The defense made a motion for a nonsuit. It was denied. They then presented their evidence which consisted solely of the testimony of the accused, who testified as follows:

"Q. Did you hear the testimony of Antero Rodríguez?

"A. Yes, sir.

"Q. Was it true?

"A. Yes, sir.

"Q. Were you driving that car on that day?

"A. Yes, sir.

"Q. Did you give warning with your claxon?

"A. Yes, sir.

"Q. Did the other car give you the right of way?

"A. Yes, sir.

"Q. And due to that circumstance you hit the car (sic)?

"A. Yes, sir.

"Q. And that was the accident?

"A. Yes, sir.

"Q. When the other chauffeur put out his hand, did it give you time to stop?

"A. There was time for nothing more than to close.

" .    .    .    .    .    .    .    .    .    .

"Q. Were you traveling fast or slowly?

"A. At a moderate rate of speed.

" .    .    .    .    .    .    .    .    . ."

The case was finally submitted and the judge said:

"The only witness that the court credits is Mr. Labault and from his testimony it appears clearly that the accused was negligent. The municipal court imposed a fine of $100 in this case. I believe that the sentence imposed is somewhat excessive. The court imposes a fine of $75 or one day in jail for each dollar not paid and the costs."

This is a criminal case. In the case of *People v. Rodríguez*, 47 P.R.R. 565, 566, this Court said that: "The word *carelessness* as used in Section 328 of the Penal Code does not mean mere want of care but a degree of negligence or carelessness greater than that required to obtain compensation in a suit", and it was held that: "In order to convict the operator of a locomotive of involuntary manslaughter a greater degree of negligence is required than is usually the case when establishing the right to compensation for damages in a civil action."

After a serious study of the only testimony on which the district court based its sentence in the light of that juris-

prudence forces us to the conclusion that the appellant is right. From what part of said testimony can the criminal negligence of the accused be deduced? In our opinion from none.

And this conclusion is more strengthened when we consider the other testimonies which contains a logical explanation of the accident and which do not conflict with the testimony of Enrique Labault.

Both automobiles were traveling at a moderate rate of speed. The one in the rear gave warning with his claxon asking for the right of way. The car in front gave him the right of way. The road was sufficiently wide, unless some obstacle existed. The obstacle appeared in the form of a pile of stones. On reaching the pile, the car in front swerved thereby occupying the space counted upon the car in the rear to pass. This explanation appears more logical than that without any motive whatsoever and having sufficient space to pass the car in the rear, in passing, should collide with the car in front.

It is true that the pile of stones might have been seen by the accused who drove the car in the rear, but it also might have and should have been seen by the driver of the car in front, his negligence being greater when he nevertheless gave the right of way—which could have induced the accused to think that sufficient free space would be left him—and in regard to the moderate rate of speed of both vehicles, there is no discrepancy in the evidence. The only testimony on which the judgment is based is evidence of this.

Under these circumstances, the judgment appealed from will be reversed and another rendered in its stead acquitting the accused.

Mr. Justice Travieso took no part in the decision of this case.